**DISANDRO & MALLOY, P.C.**
**By: Robert A. DiSandro, Esquire**
**Identification No. 320955**
**1760 Market Street, Suite 1201**
**Philadelphia, Pennsylvania 19103**
**(215) 587-9900**

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| KIARA EVERETT<br>4030 O Street<br>Philadelphia, PA 19124<br><br>vs.<br><br>FARBERWARE LICENSING COMPANY, LLC<br>300 First Avenue<br>Needham, MA 02494<br>and<br>FARBERWARE<br>300 First Avenue<br>Needham, MA 02494<br>and<br>WALMART, INC.<br>702 S.W. 8th Street<br>Bentonville, AR<br>and<br>MEYER<br>1 Meyer Plaza<br>Vallejo, CA 94590<br>and<br>MEYER CORPORATION, US<br>1 Meyer Plaza<br>Vallejo, CA 94590<br>and<br>MIDEA AMERICA CORP.<br>4 Campus Drive<br>Parsippany, NJ 07054<br>and<br>MIDEA USA, INC.<br>4 Campus Drive<br>Parsippany, NJ 07054<br>and<br>MIDEA ELECTRIC TRADING<br>158 Cecil St. #07-01/02<br>Singapore 069545<br>and<br>ABC COMPANY 1 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2024<br><br>NO. |

Fictitious Name for Unknown Business Entity Which Sold, Modified, Manufactured, Designed, Inspected, Repaired, Tested, Maintained and/or Marketed the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022
and
ABC COMPANY 2
Fictitious Name for Unknown Business Entity Which Sold, Modified, Manufactured, Designed, Inspected, Repaired, Tested, Maintained and/or Marketed the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022
and
ABC COMPANY 3
Fictitious Name for Unknown Business Entity Which Sold, Modified, Manufactured, Designed, Inspected, Repaired, Tested, Maintained and/or Marketed Component Parts of the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022

**CIVIL ACTION**
**COMPLAINT**

1. Plaintiff, Kiara Everett, (hereinafter "Plaintiff") is an individual who resides at 4030 O Street Philadelphia, PA 19124.

2. Defendant Farberware Licensing Company, LLC, is a Delaware business organization with a principal place of business located at 300 First Ave Needham, MA 02494.

3. Defendant Farberware is a Delaware business organization with a principal place of business located at 300 First Ave Needham, MA 02494.

4. Defendant Walmart, Inc. is an Arkansas business organization with a principal place of business located at 702 S.W. 8th Street Bentonville, AR.

5. Defendant Meyer is a Delaware business organization with a principal place of business located at 1 Meyer Plaza, Vallejo, CA 94590.

6. Defendant Meyer Corporation, US is a Delaware business organization with a principal place of business located at 1 Meyer Plaza, Vallejo, CA 94590.

7. Defendant Midea America Corp. is a Floirda business organization with a principal place of business located at 4 Campus Drive, Parsippany, NJ 07054.

8. Defendant Midea USA, Inc. is a Texas business organization with a principal place of business located at 4 Campus Drive, Parsippany, NJ 07054.

9. Defendant Midea Electric Trading is a foreign corporation and/or other business entity with its principal place of business located at 158 Cecil St, #07-01/02, Singapore 069545.

10. Defendant, ABC Company 1, is a fictitious name for unknown business entity which sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022.

11. Defendant, ABC Company 2, is a fictitious name for unknown business entity which sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022.

12. Defendant, ABC Company 3, is a fictitious name for unknown business entity which sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022.

13. Plaintiffs herein sue using the "ABC Company 1" and "ABC Company 2" and "ABC Company 3" fictitious designations pursuant to Pa. R.C.P. 2005, in that after all due diligence thus far, defendants' names are presently unknown to the plaintiff after conducting a reasonable search.

14. At all relevant times, the above listed Defendants purposefully established significant contacts in Pennsylvania, and have carried out, and continue to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

15. At all times, the above listed Defendants conducted business and delivered services in Philadelphia County, deriving substantial compensation therefrom, and did so in an ongoing and systematic nature.

16. Venue is proper in the County of Philadelphia as one or more of the Defendants regularly conduct business in the county, pursuant to Pennsylvania Rule of Civil Procedure No. 2179(a)(2).

17. At all times material herein, Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 were acting through their respective agents, servants, workmen and/or employees who were acting within the course and scope of their agency, service, and/or employment.

18. Prior to June 12, 2022, the Farberware 7-in-1 Pressure Cooker bearing Model # WM-CS6004W involved in Plaintiff's accident on June 12, 2022 (the "Pressure Cooker" or the "product") and/or its component parts were sold, modified, manufactured, designed, inspected,

repaired, tested, maintained and/or marketed by Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 (the "Defendants").

19. Unbeknownst to Plaintiff, the Pressure Cooker was designed, manufactured, and distributed in a defective and unreasonably dangerous condition in that *inter alia* the lid could open while the cooker was pressurized, resulting in the inadvertent release of scalding and/or hot food, liquid, and steam without warning.

20. On or about June 12, 2022, Plaintiff was using the Pressure Cooker while at home to cook a roast.

21. Plaintiff added the roast, water, and other ingredients to the pot of the Pressure Cooker, secured the lid to the pot, and turned the Pressure Cooker on.

22. After the cooking process concluded, Plaintiff proceeded to open the Pressure Cooker when suddenly, and without warning, the still-pressurized contents of the Pressure Cooker spewed out of the pot onto her abdomen and thigh.

23. Plaintiff used the Pressure Cooker on June 12, 2022 without any knowledge of the issues and/or hazards and/or defects.

24. Plaintiff opened the lid to the Pressure Cooker unaware that the contents of the same were still under pressure.

25. Plaintiff was able to open the lid to the Pressure Cooker without any significant resistance.

26. Upon information and belief, the Defendants did not conduct a hazard and/or risk analysis and did not conduct adequate testing and investigation to determine whether the product

presented an unreasonable risk of harm during the expected use of the product, prior to the sale and/or distribution of the Pressure Cookier.

27. At all times relevant hereto, Defendants know or should have known of the severe risk of injury created by the defective and unreasonably dangerous design and manufacture of the Pressure Cooker, but failed modify the product, failed to recall the product, and/or failed to warn of the serious risk of harm.

28. Upon information and belief, the Pressure Cooker had a defective design that was similar to products that were the subject of recalls due to their defective design, yet Defendants failed to issue a similar recall.

29. As a result of this incident, Plaintiff was caused to suffer serious and permanent injuries more specifically set forth hereinafter.

30. Plaintiff's injuries were the direct result of the conduct of the Defendants and the negligent, reckless, and defective design and manufacture of the Pressure Cooker.

**Count I- Strict Product Liability**

**Plaintiff Kiara Everett v. Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3**

31. Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs, inclusive as fully as though the same were herein set forth at length.

32. Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3, by and through its agents, servants, workers, contractors, designers,

assemblers, manufacturers, sellers, suppliers and/or distributors, are strictly liable under §402(A) of the Restatement (Second) of Torts because:

a. Defendants engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream pressure cookers, including the Pressure Cooker that injured Plaintiff;

b. The product involved in the subject incident was marketed and/or placed in the general stream of commerce by Defendants;

c. The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce;

d. The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above and below.

33. The Pressure Cooker was in a defective condition as: (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the Pressure Cooker outweighed the burden or costs of taking precautions.

34. The Pressure Cooker was also dangerous and defective by virtue of the failure of the Defendants to furnish the Pressure Cooker with adequate warnings and instructions.

35. Notwithstanding knowledge of the dangers and hazards associated with the design of the product as described herein, Defendants continued to distribute and sell the product to consumers.

36. Defendants breached its duties, by and through their agents, servants, workers and/or employees, and was jointly and severally careless, negligent, grossly negligent and/or reckless in the performance of its obligations.

37. The defective condition of the Pressure Cooker caused severe internal and external injuries in and about the head, body and limbs, including but not limited to: burns to the abdomen and right thigh, and a severe and permanent shock to Plaintiff's nervous system, all of which have caused her and will continue to cause her great pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

38. Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

39. As a further result of the accident and the injuries sustained therein, Plaintiff has and may suffer lost wages and an impairment of her earning capacity and power, all of which has been and will continue to be to her great financial damage and loss.

40. Defendants are therefore strictly liable to Plaintiff.

WHEREFORE, Plaintiff Kiara Everett demands judgment against the Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**Count II- Negligence and Recklessness**

**Plaintiff Kiara Everett v. Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3**

41. Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs, inclusive as fully as though the same were herein set forth at length.

42. At all relevant times, Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 owed Plaintiff the duty to design the Pressure Cooker in such a manner and with the exercise of reasonable care, so as to prevent it from presenting an unreasonable risk of harm to potential users of the Pressure Cooker and placing it into the stream of commerce.

43. At all relevant times, Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 owed Plaintiff the duty to manufacture, assemble, inspect and/or test the Pressure Cooker in such a manner and with the exercise of reasonable care, so as to prevent it from presenting an unreasonable risk of harm to potential users of the Pressure Cooker.

44. At all relevant times, Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 owed a duty to unambiguously warn

consumers and/or intended users of the Pressure Cooker, including Plaintiff, of known or suspected defects that rendered the Pressure Cooker unreasonably dangerous to use.

45. Upon information and belief, Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 knew or had reason to know that the Pressure Cooker posed an unreasonable risk of harm by virtue of informal and formal claims arising from substantially similar incidents, internal testing and research, industry publications and research, and other sources of information to be developed in discovery.

46. Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 breached the above-cited duties in various ways, including but not limited to, one or more of the following acts constituting carelessness, recklessness, wanton misconduct, and negligence:

a. By failing to use due care in designing and manufacturing the Pressure Cooker to prevent the lid from opening while the contents of the Pressure Cooker were still under pressure;

b. By failing to use due care in designing the Pressure Cooker and failing to incorporate additional safety devices to prevent users from being exposed to the hot contents of the Pressure Cooker and/or to prevent the Pressure Cooker from opening while the contents of the Pressure Cooker were still under pressure;

c. By failing to use due care in designing and Pressure Cooker to prevent users from being exposed to the hot contents of the Pressure Cooker and/or to prevent the Pressure Cooker from opening while the contents of the Pressure Cooker were still under pressure;

d. By failing to issue a mandatory recall of the Pressure Cooker once it became aware of defects;

e. Failing to inspect the Pressure Cooker;

f. Failing to properly test the design of the Pressure Cooker;

g. Placing the product into the stream of commerce despite knowledge that the use of the product could result in serious and permanent injury;

h. By failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the Pressure Cooker's safety devices to fail as described above;

i. By negligently failing to unambiguously warn purchasers and end users of the Pressure Cooker, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

j. By failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Pressure Cooker's propensity to expose users to the hot contents of the Pressure Cooker and/or to allow users to open the Pressure Cooker while the contents of the Pressure Cooker were still under pressure while in the possession of Defendants, and during which times employees,

servants or agents of Defendants had an opportunity to inspect, service and work on the Pressure Cooker;

k. Failing to provide a reasonably safe product;

l. Failing to provide adequate warnings and/or instructions;

m. Disregarding available information demonstrating that the design of the product created an unreasonable risk of serious and permanent injury to users of the product;

n. Failing to ensure that the product complied with all applicable voluntary and mandatory industry standards, statutes, and regulations;

47. Defendants knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the Pressure Cooker would or could give rise to serious bodily injuries to such users.

48. The Pressure Cooker 's defective condition was not visible and Plaintiff was not capable of realizing the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

49. Defendants' carelessness, recklessness, wanton misconduct, and negligence, as alleged in this Count, directly and proximately caused the accident and Plaintiff's injuries resulting from the accident.

50. As a direct result of the defendants' carelessness, recklessness, wanton misconduct, and negligence as aforesaid, Plaintiff sustained severe internal and external injuries in and about the head, body and limbs, including but not limited to burns to the abdomen and right thigh, and a severe and permanent shock to her nervous system, all of which have caused her and will continue to cause her great pain and agony, and have prevented her and will

continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

51. Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

52. As a further result of the accident and the injuries sustained therein, Plaintiff has and may suffer lost wages and an impairment of her earning capacity and power, all of which has been and will continue to be to her great financial damage and loss.

53. Plaintiff avers that the defendants, and all of them, directly and/or through their agents, servants, workmen and/or employees, had or should have had notice of the existence of the said dangerous and defective conditions as described in the prior paragraphs of this Complaint.

54. Plaintiff avers that Plaintiff's injuries and damages were caused solely by the negligence, carelessness, wanton misconduct, and recklessness of the defendants, and all of them, as hereinbefore set forth.

WHEREFORE, Plaintiff Kiara Everett demands judgment against the Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**Count III- PUNITIVE DAMAGES**

**Plaintiff Kiara Everett v. Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3**

55. Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs, inclusive as fully as though the same were herein set forth at length.

56. At all times material herein, Defendants, acted in a willful, wanton, reckless, intentional and callous disregard for the safety of potential users of the Pressure Cooker, including Plaintiff, more specifically as previously set forth.

57. Defendants' conduct rises to the level of outrageous conduct by the willful, reckless and gross negligence, more specifically as previously set forth.

58. Defendants' conduct rises to the level of outrageous conduct and demonstrates reckless indifference to the interest of the public, including Plaintiff.

59. Defendants acted in a willful, wanton and callous disregard for the safety of Plaintiff.

60. Defendants' actions constitute outrageous, willful and/or wanton misconduct and manifested a reckless disregard and indifference to the rights of others, including Plaintiff, to support an award of punitive damages.

61. As a direct and proximate result of the willful, wanton, reckless, intentional and callous acts of the Defendants as aforesaid, Plaintiff sustained severe injuries.

WHEREFORE, Plaintiff Kiara Everett demands judgment against the Defendants Farberware Licensing Company, LLC and/or Farberware and/or Walmart, Inc. and/or Meyer and/or Meyer Corporation, US and/or Midea America Corp. and/or Midea USA, Inc. and/or Midea Electric Trading and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3, jointly

and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and specifically seeks punitive damages, plus interest and costs.

DISANDRO & MALLOY, P.C.

BY: ______________________

ROBERT A. DISANDRO, ESQUIRE
ATTORNEY FOR PLAINTIFF

Date: May 8, 2024

# VERIFICATION

I, Kiara Everett , make this verification subject to the penalties of 18 Pa. C.S.A. '4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

Kiara Everett

5/8/24

Dated: